IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02055-NYW-SBP

PILGRIM'S PRIDE CORPORATION,

    Plaintiff,

v.

ALLEGIANT ELECTRIC, INC., and
GRANGE INSURANCE COMPANY,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Grange Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(2) or, Alternatively, to Transfer to the U.S. District Court for the Eastern District of Tennessee (the "Motion to Dismiss"), [Doc. 8], and Plaintiff Pilgrim's Pride Corporation's Motion to Remand (the "Motion to Remand"), [Doc. 18]. The Court has reviewed the Motions and the related briefing, the applicable case law, and the entire case file, and concludes oral argument would not materially assist in the resolution of this matter. For the reasons set forth below, the Motion to Dismiss is **GRANTED** and the Motion to Remand is **GRANTED**.

## BACKGROUND

On or around April 30, 2019, Plaintiff Pilgrim's Pride Corporation ("Plaintiff" or "Pilgrim's") entered into a Master Services Agreement (or "MSA") with Defendant Allegiant Electric, Inc. ("Allegiant"). [Doc. 3 at ¶ 11]. Through the MSA, Allegiant agreed to perform electrical work at one of Plaintiff's poultry plants. [*Id.*]. And pursuant to the

MSA, Allegiant agreed to obtain insurance coverage for Allegiant's work and to name Pilgrim's as an additional insured on all applicable insurance policies. [*Id.* at ¶ 12]. Allegiant obtained three insurance policies—a commercial general liability policy ("CGL policy"); an automobile liability policy; and an umbrella policy—that listed Pilgrim's as an additional insured. [*Id.* at ¶ 14]. Plaintiff alleges that around the time that Allegiant began the electrical work, Defendant Grange Insurance Company ("Grange Insurance") "afforded the insurance coverage for the Policies to Allegiant, and later to Pilgrim's with Pilgrim's listed as an Additional Insured pursuant to the [MSA]." [*Id.* at ¶ 15].

In August 2020, an Allegiant employee was injured performing electrical work for Pilgrim's. [*Id.* at ¶¶ 21–22]. The employee subsequently filed a lawsuit in Tennessee state court against Pilgrim's, seeking to recover damages for the injuries sustained during the accident (the "Underlying Lawsuit"). [*Id.* at ¶ 23]. Pilgrim's alleges that, "[b]ased on Allegiant's Certificate of Insurance," its attorney "notified Grange Insurance" of the Underlying Lawsuit and "tendered a potential claim for coverage under the Policies" on April 18, 2023. [*Id.* at ¶ 28]. It also submitted a demand letter to Allegiant. [*Id.* at ¶ 29]. On May 17, 2023, Plaintiff "received a denial of coverage letter . . . from Grange Insurance." [*Id.* at ¶ 31]. Plaintiff now alleges that Grange Insurance "is wrongfully in breach of the [MSA] and/or the Policies, and is in bad faith ignoring the allegations in the Complaint [in the Underlying Lawsuit that clearly trigger its duty to insure, defend, indemnify, and hold harmless Pilgrim's from and against the [Underlying Lawsuit]." [*Id.* at ¶ 35].

Plaintiff filed this lawsuit in the District Court for Weld County, Colorado on July 7, 2023. *See* [*id.* at 1]. It asserts six claims for relief: (1) a breach of contract claim against

Allegiant; (2) an indemnification claim against Allegiant; (3) a declaratory judgment claim against Allegiant and Grange Insurance; (4) a common law bad faith claim against Grange Insurance; (5) a statutory bad faith claim against Grange Insurance; and (6) a breach of contract claim against Grange Insurance. [*Id.* at ¶¶ 38–81].

Grange Insurance removed this case to federal court on August 14, 2023, purportedly with Allegiant's consent. [Doc. 1 at 1]. The next day, Grange Insurance filed the instant Motion to Dismiss, seeking dismissal of Plaintiff's claims against it for lack of subject matter jurisdiction or lack of personal jurisdiction, or alternatively seeking transfer of the case to the United States District Court for the Eastern District of Tennessee. [Doc. 8]. The crux of Grange Insurance's jurisdictional arguments is that a non-party named Trustgard Insurance Company ("Trustgard") issued the CGL policy at issue in this case and denied Plaintiff's request for coverage—not Grange Insurance. [*Id.* at 2–3]. Grange Insurance asserts that Plaintiff has sued the wrong party, and for this reason, the Court lacks subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over Grange Insurance. [*Id.* at 4–11].

In addition, on September 18, 2023, Plaintiff filed a Motion to Remand this case to state court, arguing that a forum selection clause contained in the MSA requires that this case be heard in the District Court for Weld County, Colorado. [Doc. 18 at 3–4]. While Grange Insurance has filed a response in opposition to the Motion to Remand, *see* [Doc. 26], Allegiant has not, and the Court thus assumes that Allegiant does not oppose remanding this case to state court.

3

## PRIORITY OF THE ISSUES PRESENTED

In its Motion to Remand, Plaintiff suggests that the issue of whether Grange Insurance is a proper party to this case "does not have to be resolved at this time" because "[a] plaintiff may move for remand even if it does not have standing to bring the substantive claims alleged in the lawsuit." [Doc. 18 at 3 & n.1 (*citing Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77–78 (1991))]. The Court understands Plaintiff's position to be that this Court should rule on the Motion to Remand first, and if the case is remanded, then the state court should decide the issues presented in Grange Insurance's Motion to Dismiss.

"[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1205 (10th Cir. 2012) (quoting *Sinochem Int'l. Co. v. Malay. Int'l. Shipping Corp.*, 549 U.S. 422, 431 (2007)). "Generally, a court must resolve jurisdictional issues before considering the merits of a claim, because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). While jurisdictional questions "ordinarily must precede merits determinations in dispositional order," there is "no mandatory sequencing of jurisdictional issues." *Sinochem*, 549 U.S. at 431 (quotation omitted). Indeed, a court may "choose to avoid difficult subject matter jurisdiction questions and dispose of a case on a threshold, nonmerits issue," but only if "resolving the issue does not entail any assumption by the court of substantive law-declaring power." *Chegup v. Ute Indian Tribe of Uintah & Ouray Reservation*, 28 F.4th 1051, 1062 (10th Cir. 2022) (cleaned up).

In this case, the Court finds that it must address the Motion to Dismiss and its jurisdictional arguments before ruling on the Motion to Remand. Plaintiff asks the Court to remand the case to state court pursuant to a forum selection clause contained in the MSA between Pilgrim's and Allegiant. *See* [Doc. 18 at 2]; *see also* [Doc. 3 at ¶ 19]. Plaintiff contends that removal was improper because the forum selection clause precluded Allegiant from consenting to removal, and thus, the requirements of 28 U.S.C. § 1446 have not been satisfied. [Doc. 18 at 11]; *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). In opposing remand, Grange Insurance argues that the MSA does not apply to the facts of this case because the Allegiant employee's accident occurred at a Pilgrim's facility that is not covered by the MSA. *See* [Doc. 26 at 1–3, 7–11]. Plaintiff disputes this position and argues that the work performed by the Allegiant employee was covered by the MSA. *See* [Doc. 33 at 3–6].

Resolving the Motion to Remand would require this Court to decide whether the Master Services Agreement between Pilgrim's and Allegiant applies to the facts of this case, including whether the Allegiant employee's work was within the purview of the MSA. Given that some of Plaintiff's claims are based on (and allege a breach of) the MSA, *see* [Doc. 3 at ¶¶ 38–54], the Court concludes that the issue presented in the Motion to Remand and related briefing is a merits issue which this Court cannot resolve before addressing the jurisdictional issues. *See Whitaker*, 42 F.4th at 207–08 (concluding that, where the "application of the forum selection clause [was] inextricably intertwined with the merits of the contract action," the district could "should have assured itself of jurisdiction

5

before interpreting and applying the forum selection clause"). The Court thus finds that it must address its jurisdiction prior to ruling on the Motion to Remand.

Grange Insurance raises two jurisdictional arguments in its Motion to Dismiss: (1) that this Court lacks subject matter jurisdiction over Plaintiff's claims against it because Plaintiff has sued the wrong entity and lacks standing to sue Grange Insurance, [Doc. 8 at 4–6]; and (2) that the Court lacks personal jurisdiction over Grange Insurance, [*id.* at 6–11]. However, the Court respectfully concludes that Grange Insurance has not demonstrated that its first argument properly concerns the Court's subject matter jurisdiction. Grange Insurance contends that it did not issue the insurance policy or policies at issue in this case and did not deny Plaintiff's tender, such that Plaintiff suffered no injury at the hands of Grange Insurance. [*Id.* at 5]. But the cases Grange Insurance cites in support were decided in the context of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, not a Rule 12(b)(1) motion to dismiss based on a lack of subject matter jurisdiction. See [*id.*]; *see, e.g.*, *Jarrahi v. Farmers Ins. Co., Inc.*, No. 2:20-cv-00983-CJC-GJS, 2020 WL 5982392, at *2 (C.D. Cal. Feb. 24, 2020); *Little v. USAA Cas. Ins. Co.*, No. 1:09-cv-00102-LG-RHW, 2009 WL 10676838, at *2 (S.D. Miss. Mar. 9, 2009).

The Third Circuit has addressed this issue in detail. In *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016), an insurance company argued that the plaintiff lacked standing under Rule 12(b)(1) because the plaintiff had sued the wrong insurance carrier; according to the defendant insurer, the proper party was actually the insurer's wholly owned subsidiary. The insurer argued that because the plaintiff had sued the wrong party, any alleged injury was not fairly traceable to its conduct, and a judgment against it would

6

not redress the plaintiff's injuries. *Id.* at 347. While the Third Circuit acknowledged that the insurer's argument had "some superficial appeal," it found that the argument was actually "a well-disguised challenge to the legal merits of [the plaintiff's] case, not . . . a challenge to his standing to pursue it." *Id.* This was because "[a]n analysis of standing generally focuses on whether the *plaintiff is the right party* to bring particular claims, not on whether the plaintiff *has sued the right party*." *Id.* at 338 (emphasis in original). The Third Circuit thoroughly discussed the differences between Rule 12(b)(1) and Rule 12(b)(6) motions—particularly, the placement and the height of the associated burdens, *id.* at 348–49—and concluded that "Rule 12(b)(6)—with its attendant procedural and substantive protections for plaintiffs—is the proper vehicle for the early testing of a plaintiff's claims," *id.* at 349.

The Court finds the discussion in *Davis* persuasive. Grange Insurance's standing argument is, in reality, an argument attacking the merits of Plaintiff's claims against it. *See Smith v. Amada Mach. Tools Am. Inc.*, No. 2:16-cv-12178-LJM-MKM, 2017 WL 4418666, at *2 (E.D. Mich. Feb. 8, 2017) ("By claiming that it had no involvement in the facts alleged, Noritake U.S. is really challenging the merits of Smith's claim, making a Rule 12(b)(1) motion improper."). But even if Grange Insurance's argument were jurisdictional in nature, the Court could still use its discretion to address Grange Insurance's personal jurisdiction arguments first. *Sinochem*, 549 U.S. at 431; *see also Est. of Cummings ex rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 800 (10th Cir. 2018) ("Even when there is a question of subject-matter jurisdiction lurking in the case that may well have to be resolved with respect to other parties, a straightforward determination that the court lacks personal jurisdiction over a party may be appropriate.").

For these reasons, the Court turns to Grange Insurance's argument that this Court lacks personal jurisdiction over it.

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge a court's exercise of personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that a court has personal jurisdiction over the defendant. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). When a court decides a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008). This showing may be made through affidavits or other written materials. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).

At this stage, the court must take the well-pleaded allegations in the Complaint as true, so long as they are not contradicted by the defendant's affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). The court need not credit conclusory, implausible, or speculative allegations. *Dental Dynamics*, 946 F.3d at 1228; *Dudnikov*, 514 F.3d at 1070. And if the parties present conflicting affidavits, all factual disputes in the affidavits must be resolved in the plaintiff's favor. *Wenz*, 55 F.3d at 1505.

## ANALYSIS

To demonstrate that a court has personal jurisdiction over a nonresident defendant in a diversity action, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction complies with the Fourteenth Amendment's Due Process Clause. *Dental Dynamics*, 946 F.3d at 1228. This requires courts to "focus on state law, and particularly, the relevant state's long-arm statute." *Id.* In Colorado, only one inquiry is necessary, as Colorado's long-arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). "Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). "[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A court may exercise general personal jurisdiction or specific personal jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). General jurisdiction means that a court may exercise personal jurisdiction over an out-of-state defendant for all purposes. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). General jurisdiction is available if the defendant's affiliations with the forum state are "so continuous and systematic" that it is "essentially at

9

home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924. "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 614 (10th Cir. 2012) (quotation omitted).

A court may exercise specific personal jurisdiction over an out-of-state defendant only if the cause of action relates to the defendant's contacts with the forum state. *Old Republic*, 877 F.3d at 904. In other words, "specific jurisdiction is proper if there is 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (quoting *Bristol-Myers Squibb*, 582 U.S. at 262).

Grange Insurance argues that this Court has neither general nor specific jurisdiction over it, [Doc. 8 at 6–11], and Plaintiff disagrees, asserting that this Court has *both* general and specific jurisdiction over Grange Insurance, [Doc. 20 at 17]. The Court addresses the Parties' arguments below.

I.   **General Jurisdiction**

As explained above, a court may exercise general personal jurisdiction over an out-of-state defendant if that defendant's contacts with the forum state are "so continuous and systematic" that it is "essentially at home" in the state. *Goodyear*, 564 U.S. at 919.

10

It is not enough that an out-of-state defendant may have contractual relationships or business dealings with a person or entity located in the forum state, may correspond with a resident of the forum state, or may make sporadic visits to the forum state. *Shrader v. Biddinger*, 633 F.3d 1235, 1246–47 (10th Cir. 2011). "In order for general jurisdiction to lie, a foreign corporation must have a substantial amount of contacts with the forum state." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

Plaintiff argues that the Court has general personal jurisdiction over Grange Insurance because "Trustgard (the CGL carrier and a subsidiary of Grange [Mutual Holding Company]) is—and has been for nearly 40 years—registered to conduct business in Colorado and maintains an agent to accept service in Colorado." [Doc. 20 at 17]. In support of its argument, Plaintiff cites only one case, wherein another court in this District concluded that it did *not* have personal jurisdiction over a corporate defendant because, among other reasons, there was no evidence that the defendant had offices, bank accounts, or property in Colorado or that it was registered to do business in Colorado. *See* [*id.* (citing *Auge v. Esbrook PC*, 656 F. Supp. 3d 1275, 1281 (D. Colo. 2023)].

Plaintiff's presentation is insufficient to meet its burden to demonstrate that the Court has general personal jurisdiction over Grange Insurance. Plaintiff directs the Court to no authority demonstrating that it can rely on whatever contacts *Trustgard* has with Colorado to find that Grange Insurance is subject to the personal jurisdiction of Colorado courts. While Colorado federal courts have recognized personal jurisdiction based on agency or alter-ego theories (at least with respect to parent companies and their subsidiaries), *see, e.g.*, *Kitchen Café, LLC v. Wolfgang Puck Licensing LLC*, No. 16-cv-02814-MEH, 2017 WL 11547022, at *3 (D. Colo. Mar. 23, 2017), Plaintiff makes no

11

attempt to invoke any such theory here.  Accordingly, the Court finds that Plaintiff has not met its burden of demonstrating that the Court has general personal jurisdiction over Grange Insurance.[1]  *Cf. Benton*, 375 F.3d at 1081 (affirming dismissal for lack of personal jurisdiction where the plaintiff had not made any allegations or presented any evidence to show that the subsidiary was the alter ego of parent company); *Berry v. Bryant*, No. 11-514 JCH-GBW, 2012 WL 12819204, at *4 (D.N.M. Mar. 15, 2012) ("Conclusory allegations of alter ego status, without specific factual contentions to illustrate domination and control, are insufficient.").  Plaintiff has not demonstrated this Court's general personal jurisdiction over Grange Insurance.

## II.     Specific Jurisdiction

"Even though a defendant's forum state contacts may not support general jurisdiction, they may still meet the less stringent standard for specific jurisdiction if sufficiently related to the cause of action."  *Old Republic*, 877 F.3d at 904.  The "minimum contacts" test for specific jurisdiction has two requirements:  First, the defendant must have "'purposefully directed its activities at residents of the forum state,'" and second, the plaintiff's injuries must arise out of the defendant's forum-related activities.  *Id.* (quoting

---

[1] Even if the Court could rely on Trustgard's purported contacts with Colorado, the Court is not convinced that a company's registration to do business in Colorado or designation of a registered agent in Colorado would create a "substantial amount of contacts" with Colorado so as to subject that company to the general personal jurisdiction of the state. *Trierweiler*, 90 F.3d at 1533.  Plaintiff has cited no authority that supports its argument that these contacts are sufficient for general jurisdiction; the one case cited by Plaintiff, *Auge*, does not stand for the proposition that a business's registration in a state automatically subjects that business to the general personal jurisdiction of the state.  And this Court recently held in a somewhat different context that a business's registration in the state of Colorado or designation of a registered agent in Colorado does not amount to consent to the personal jurisdiction of Colorado courts.  *See Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*, No. 23-cv-00253-NYW-KAS, 2023 WL 5822503 (D. Colo. Sept. 8, 2023).

*Shrader*, 633 F.3d at 1239). "The purposeful direction requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 904–05 (cleaned up).

Plaintiff argues that the Court has specific personal jurisdiction over Grange Insurance because

> Grange Insurance (or Trustgard) purposefully availed itself of the privilege of conducting activities in Colorado by issuing [a certificate of insurance] to Pilgrim's in Colorado pursuant to an MSA with a Colorado forum selection clause, by agreeing to provide [additional insurance] coverage to Pilgrim's (a Colorado resident), and by causing damages to Pilgrim's in Colorado – where Pilgrim's has incurred attorneys' fees and costs as a result of Grange Insurance's (or Trustgard's) bad faith denial.

[Doc. 20 at 18]. This assertion is not supported by citations to legal authority or evidence. *See* [*id.*].

The Court finds Plaintiff's arguments regarding specific personal jurisdiction unavailing. The fact that Plaintiff is unsure about whether it was actually Grange Insurance who conducted the above-listed actions significantly weakens its position that Grange Insurance has purposefully directed its activities at residents of Colorado. Indeed, the Court has reviewed the certificate of insurance referenced above and notes that it lists three "insurer(s) affording coverage": "Grange Insurance Companies"; "Accident Fund Insurance Co. of [sic]"; and "The Travelers Ins. Companies." [Doc. 41-1 at 1]. Plaintiff states in its Response that it "now believes" that the reference to "Grange Insurance Companies" on the certificate of insurance may have been a misnaming of Grange Mutual Holding Company, [Doc. 20 at 3; *id.* at 8 n.4], which Plaintiff asserts is Grange Insurance's parent company, [*id.* at ¶ 20]. But Plaintiff makes no argument

explaining why any actions of Grange Mutual Holding Company or Trustgard can be imputed onto Grange Insurance.  *See generally* [*id.*].

In any event, even assuming that the actions listed above are properly attributable to Grange Insurance, the Court cannot conclude that Plaintiff has met its burden of demonstrating specific personal jurisdiction.  Plaintiff first asserts that Grange Insurance is subject to personal jurisdiction in Colorado courts because it purportedly issued a certificate of insurance to Plaintiff in Colorado.  [Doc. 20 at 18].  In Colorado, "a certificate of insurance is not a contract of insurance but is merely the evidence that a contract has been issued."  *Summit Bank & Tr. v. Am. Modern Home Ins. Co.*, No. 12-cv-02395-JLK, 2013 WL 1294273, at *2 (D. Colo. Mar. 27, 2013) (quotation omitted); *see also Broderick Inv. Co. v. Strand Nordstrom Stailey Parker, Inc.*, 794 P.2d 264, 266 (Colo. App. 1990) (a certificate of insurance is an "informational document").  Plaintiff does not explain why the purported issuance of a certificate of insurance to a company that happens to be located in Colorado is a sufficient (or even relevant) contact for personal jurisdiction purposes.  It is well established that the "'minimum contacts' analysis 'looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).  And even if the certificate of insurance issued to Plaintiff was evidence of some sort of contractual relationship between Grange Insurance and Pilgrim's, "[t]he typical purposeful direction analysis looks to the out-of-state defendant's *continuing* relationships and obligations with citizens of the forum state," which requires the Court to evaluate the parties' prior negotiations and contemplated future consequences, the terms of the parties' contact(s), and the parties' course of dealing.  *Old Republic*, 877 F.3d at 905 (cleaned up and emphasis added).  Plaintiff

makes no argument that the purposeful direction requirement is satisfied due to Grange Insurance's continuing relationship with a forum state resident.  *See* [Doc. 20 at 18]; *cf. Old Republic*, 877 F.3d at 910 (finding that the "bare fact" that the defendant entered into a legal relationship with a Colorado business "cannot establish sufficient contacts to satisfy the purposeful direction requirement").

Nor is the fact that the MSA has a Colorado forum selection clause sufficient to establish Colorado courts' personal jurisdiction over Grange Insurance.  Plaintiff does not allege that Grange Insurance is a party to the MSA; rather, it alleges that the MSA is a contract between Plaintiff and Allegiant.  [Doc. 3 at ¶ 11].  Plaintiff does not explain how a contract to which Grange Insurance is not a party shows that Grange Insurance has purposefully directed activities into Colorado.  *See* [Doc. 20 at 18].  "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over [it]," *Walden*, 571 U.S. at 285, not the "unilateral activity of another party or a third person," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotations omitted).  "[R]andom, fortuitous, or attenuated contacts" are not enough to establish specific jurisdiction.  *Id.* (quotations omitted).

In addition, Plaintiff does not direct the Court to any legal authority showing that the naming of a Colorado company as an "additional insured" under an insurance policy is sufficient to establish specific personal jurisdiction over the insurance company that purportedly "afforded" coverage.[2]  Courts in other jurisdictions have rejected this factual

---

[2] In the Complaint, Pilgrim's alleges that Grange Insurance "*afforded* the insurance coverage for the Policies to Allegient, and later to Pilgrim's with Pilgrim's listed as an Additional Insured pursuant to the Agreement."  [Doc. 3 at ¶ 15 (emphasis added)].  But then, in its Response to the Motion to Dismiss, Plaintiff states that it "recognizes that Trustgard is the CGL carrier on the CGL policy produced by Grange Insurance."  [Doc.

predicate as a sufficient basis for specific jurisdiction. *See, e.g., Peters Broad. Eng'g, Inc. v. PEM Consulting Grp., LLC*, No. 1:21-cv-00219-HAB-SLC, 2023 WL 3086811, at *4 (N.D. Ind. Apr. 3, 2023) ("[T]hat [the plaintiff's] status as an additional insured and loss payee serves as a basis for personal jurisdiction is . . . an unavailing argument."), *report and recommendation adopted*, 2023 WL 3073851 (N.D. Ind. Apr. 25, 2023); *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 880 (7th Cir. 2019) (concluding that naming a Wisconsin company as an additional insured did not "constitute[] a contact with the state of Wisconsin" and did not provide a basis for personal jurisdiction); *Liberty Mut. Fire Ins. Co. v. KB Home*, No. 4:13-cv-00098-RAJ-TEM, 2013 WL 6185882, at *5 (E.D. Va. Nov. 25, 2013) (that the defendants were additional insureds on a policy delivered to a party in Virginia was "simply too fine a thread to support personal jurisdiction" given that the plaintiff had not offered any "evidence that the [defendants] negotiated the policies in Virginia, agreed that Virginia law would govern any disputes, or that the parties negotiated the policies in Virginia").

---

20 at 15]; *see also* [*id.* at ¶ 31 (Plaintiff recognizing that "Trustgard appears to have issued the CGL Policy," but noting that the umbrella policy has not been produced to Plaintiff)]; [*id.* at 3 (Plaintiff stating that it "now believes" Grange Insurance may have been misnamed on the certificate of insurance, and that the certificate of insurance may have intended to list Grange Mutual Holding Company)]. Typically, in ruling on a motion to dismiss on personal jurisdiction grounds, the Court must accept the plaintiff's well pleaded allegations as true, so long as they are not contradicted by the defendant's affidavits. *Old Republic*, 877 F.3d at 900. Here, Grange Insurance has not submitted any affidavits to contradict the Complaint's allegation that Grange Insurance "afforded" insurance coverage to Pilgrim's. *See generally* [Doc. 8]. But because Plaintiff does not expressly allege in the Complaint that Grange Insurance actually *issued* the policies, and has in any event walked back any suggestion that Grange Insurance was the issuing carrier, the Court does not construe Plaintiff's allegation that Grange Insurance "afforded" coverage to Plaintiff as an assertion that Grange Insurance *actually issued the policies* relevant to this case or take that assertion as true. *See Dental Dynamics*, 946 F.3d at 1230–31 (declining to rely on conclusory allegations in personal jurisdiction analysis).

Finally, Plaintiff relies on the fact that it was allegedly harmed in Colorado.  *See* [Doc. 20 at 18].  "Purposeful direction may . . . be established . . . when an out-of-state defendant's *intentional* conduct targets and has substantial harmful effects in the forum state."  *Old Republic*, 877 F.3d at 907 (emphasis in original).  But this "harmful effects" test requires "more than simply harm suffered by a plaintiff who resides in the forum state." *Id.* at 917; *see also Walden*, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects [it] to the forum in a meaningful way.").  To establish specific jurisdiction based on the harmful effects framework, the plaintiff must demonstrate that "(a) an intentional action . . . was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state."  *Dudnikov*, 514 F.3d at 1072.  Plaintiff raises no argument addressing these factors, *see* [Doc. 20 at 18], and has thus not met its burden of demonstrating specific jurisdiction on this basis.

In sum, Plaintiff has not demonstrated that this Court has either specific or general personal jurisdiction over Grange Insurance.  Grange Insurance's Motion to Dismiss is therefore **GRANTED**, and Plaintiff's claims against Grange Insurance are **DISMISSED without prejudice** for lack of personal jurisdiction.

## MOTION TO REMAND

Having decided the Motion to Dismiss, the Court turns to Plaintiff's Motion to Remand.  *See* [Doc. 18].  Plaintiff argues that this case should be remanded to state court based on the forum selection clause contained in the MSA.  [*Id.* at 11–14].  It also argues that Allegiant could not have properly consented to removal given the MSA's forum

17

selection clause, and for this reason, removal of this case was procedurally improper under 28 U.S.C. § 1446(b)(2)(A). [*Id.* at 3–4].

Pilgrim's represented at the time of filing the Motion to Remand that Allegiant opposed remand. [*Id.* at 1]. However, Allegiant never responded in opposition to the Motion to Remand, and its deadline to do so has long passed. *See* D.C.COLO.LCivR 7.1(d). Allegiant has thus waived any opposition to remanding this case to state court. *See Northcutt v. Fulton*, No. 5:20-cv-00885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."). Accordingly, because the Motion to Remand is unopposed, the Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the District Court for Weld County, Colorado, where it was originally filed.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1) Grange Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(2) or, Alternatively, to Transfer to the U.S. District Court for the Eastern District of Tennessee [Doc. 8] is **GRANTED**;

(2) Plaintiff's claims against Grange Insurance Company are **DISMISSED without prejudice** for lack of personal jurisdiction under Rule 12(b)(2); and

(3) Plaintiff Pilgrim's Pride Corporation's Motion to Remand [Doc. 18] is **GRANTED**;

(4) This case is **REMANDED** to the District Court for Weld County, Colorado, where it was originally filed; and

(5) The Clerk of Court is directed to close this case.

DATED: February 14, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge